IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00074-BNB

IVAN COMEDORE STAMPS,

Applicant,

v.

RON LEYBA, Warden Colorado Department of Corrections,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 20 2009

GREGORY C. LANGHAM
                    CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Applicant, Ivan Comedore Stamps, is a prisoner in the custody of the Colorado Department of Corrections at the Arrowhead Correctional Center at Cañon City, Colorado. Mr. Stamps has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a state court conviction and sentence. Mr. Stamps also has filed a "Motion for Supplemental Jurisdiction." That motion will be denied.

The court must construe the application liberally because Mr. Stamps is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Stamps will be ordered to file an amended pleading.

The court has reviewed the application and finds that it is deficient. The claims Mr. Stamps raises must be asserted pursuant to 28 U.S.C. § 2254 because he is

challenging the validity, and not the execution, of his conviction and sentence in El Paso County District Court case number 03CR4870. Mr. Stamps specifically claims that the trial court judge lacked authority to act as a state court judge and that the judgment in El Paso County District Court case number 03CR4870 is null and void. Therefore, Mr. Stamps will be directed to file an amended pleading on the proper form.

Mr. Stamps is reminded that he must allege specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Stamps go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Stamps file **within thirty (30) days from the date of this order** an amended pleading on the proper form. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Stamps, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Stamp fails within the time allowed to file an amended pleading as directed, the application will be denied and the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Motion for Supplemental Jurisdiction" filed on January 15, 2009, is denied.

DATED January 20, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00074-BNB

Ivan Comedore Stamps
Prisoner No. 68133
Arrowhead Corr. Center
PO Box 300
Cañon City, CO 81215- 0300

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 1/20/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk