IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00074-BNB

IVAN STAMPS,

    Applicant,

v.

RON LEYBA, Warden, Colorado D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 0 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant Ivan Stamps is a prisoner in the custody of the Colorado Department of Corrections at the Delta Correctional Center in Delta, Colorado. Mr. Stamps initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of a state court criminal conviction and sentence. On March 16, 2009, Mr. Stamps filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Stamps is challenging the validity of his conviction and sentence in El Paso County District Court case number 03CR4870.

In an order filed on March 23, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On April 27, 2009, Respondents filed their Pre-Answer Response. On May 8, 2009, Mr. Stamps filed his reply to the Pre-Answer Response.

The Court must construe the amended application and other papers filed by Mr. Stamps liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed.

Pursuant to a plea agreement, Mr. Stamps was convicted of one count of robbery in El Paso County District Court case number 03CR4870. On August 16, 2004, he was sentenced to twelve years in prison. Mr. Stamps did not file a direct appeal. Beginning in October 2006, Mr. Stamps filed a variety of papers, including at least two petitions for a writ of habeas corpus, in the state courts challenging the validity of his conviction and sentence. The central focus of the claims Mr. Stamps raised in the state court postconviction proceedings was his contention that the office of the district judge who presided over his criminal case was vacant. Mr. Stamps alleged in support of this argument that the judge did not have an oath of office on file with the Colorado Secretary of State as required under state law. The state courts denied relief.

Mr. Stamps initiated the instant action on January 15, 2009. In his amended application filed on March 16, 2009, he asserts the following seven claims for relief:

> 1. The state habeas court conspired to conceal the vacancy of office, depriving Mr. Stamps of the privilege of the writ of habeas corpus and due process.
>
> 2. The state habeas court used facts not in the record and did not address all of the claims raised.
>
> 3. The state habeas court used no procedures for the admission and exclusion of evidence.

4. The state habeas court conducted an illegal search and seizure in order to obtain evidence of the trial judge's oath of office.

5. The state habeas court presided over Mr. Stamps' habeas case without having an oath of office on file with the Colorado Secretary of State.

6. The trial court and the state habeas court defrauded the United States government for federal funds and federal benefits.

7. The offices of the trial judge and the District Attorney were vacant at the time Mr. Stamps was prosecuted because neither official had filed an oath of office with the Colorado Secretary of State as required under state law.

On April 24, 2009, Mr. Stamps filed an "Unopposed Motion to Amend Pursuant to F.R.C.P. 15(a)" adding new arguments in support of his second and fourth claims; adding an eighth claim alleging wire fraud by the state habeas court; and withdrawing the portion of his seventh claim that relates to the vacancy of the office of the District Attorney. In a minute order filed on April 27, 2009, Magistrate Judge Boland granted Mr. Stamps' April 24 motion to amend.

The Court notes initially that, with one exception, all of Mr. Stamps' claims relate to alleged errors by the state courts during the course of the postconviction habeas corpus proceedings and not to the validity of either his conviction or sentence. The one exception is the remaining portion of Mr. Stamps' seventh claim for relief in which he contends that the office of the district judge who presided over his criminal case in 2004 was vacant because the trial judge had not filed an oath of office with the Colorado Secretary of State. Construing the amended application liberally, Mr. Stamps appears to assert a federal constitutional claim that he was denied due process as a result of the

3

trial judge's failure to comply with the state law requirement for filing an oath of office. However, Mr. Stamps' claims that are premised on various alleged errors by the state habeas court must be dismissed because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Therefore, with the exception of the seventh claim for relief, the amended application will be dismissed for failure to raise a cognizable federal constitutional issue.

Respondents first argue in their Pre-Answer Response that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

4

> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Stamps' criminal case became final. Because Mr. Stamps did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A). Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Stamps had forty-five days to file a notice of appeal after he was sentenced on August 16, 2004. Therefore, the Court finds that Mr. Stamps' conviction became final on September 30, 2004.

Mr. Stamps does not allege that he was prevented by unconstitutional state action from filing this action sooner, *see* 28 U.S.C. § 2244(d)(1)(B), and he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see* 28 U.S.C. § 2244(d)(1)(C).

He does argue that this action is timely because he was not actually aware of the trial judge's failure to file an oath of office until a number of years after his conviction was final, an argument that apparently is asserted pursuant to § 2244(d)(1)(D). Section 2244(d)(1)(D) provides an alternative starting date for the one-year limitation period based on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The fact that Mr. Stamps was not aware of the factual predicate for his claim at the time his conviction became final does not demonstrate that he could not have discovered the factual predicate for his claim through the exercise of due diligence. Mr. Stamps does not allege, and nothing in the Court's file indicates, that the factual predicate for Mr. Stamps' seventh claim could not have been discovered at the time he was convicted if he had exercised due diligence. Therefore, the Court finds that the one-year limitation period began to run on September 30, 2004, when Mr. Stamps' conviction became final.

The next question is whether any of the state court postconviction motions filed by Mr. Stamps tolled the one-year limitation period pursuant to § 2244(d)(2). Mr. Stamps does not assert that he filed any state court postconviction motions within one year after the limitation period began to run on September 30, 2004. As a result, the one-year limitation period expired on September 30, 2005. The postconviction motions Mr. Stamps filed after September 30, 2005, were filed too late to toll the one-year limitation period pursuant to § 2244(d)(2). **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).

The final issue the Court must consider in applying the one-year limitation period is whether equitable tolling may be appropriate. The one-year limitation period is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Stamps fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Stamps fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court need not consider Respondents' alternative argument that Mr. Stamps failed to exhaust state remedies and that his claims are procedurally barred. Accordingly, it is

7

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 20 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00074-BNB

Ivan Comedore Stamps
Prisoner No. 68133
Delta Corrr. Cetner
4102 Sawmill Mesa Road
Delta, CO 81416

John J. Fuerst, III
Senion Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/20/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk